IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                       4:20-CR-00194-01-JM
                           4:23-CV-00368-JM

ADRON WOODS

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 46) is DENIED IN PART and HELD IN ABEYANCE IN PART.

**I.**     **BACKGROUND**

Defendant pleaded guilty of being a felon in possession of a firearm, and on July 7, 2022 he was sentenced to 180 months in prison.[1]

Defendant's petition asserts claims of assistance of counsel and a due process violation.

**II.**     **DISCUSSION**

     **A.**     **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[2] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[3]

---

[1] Doc. Nos. 24, 25.

[2] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[3] *Strickland*, 466 U.S. at 690.

Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[4] Defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[5]

If Defendant establishes deficient performance by counsel, he still must establish prejudice.[6] This requires Defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[7]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.

### 1. Failure to File an Appeal

Defendant asserts that his lawyer did not appeal despite being asked to do so. This claim is held in abeyance and will be resolved following a hearing which will be scheduled by separate order.

### 2. Plea Made Under Duress

Defendant alleges that he "pleaded guilty to Count One under duress instead of going to trial as previously discussed with Counsel."[8]

---

[4] *Id.*

[5] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[6] *Strickland*, 466 U.S. at 694.

[7] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[8] Doc. No. 46.

This claim is refuted by statements made both at the plea hearing and sentencing hearing where Defendant affirmatively stated that he wanted to plead guilty, was voluntarily pleading guilty, thought it was in his best interest to plead guilty, had not been threatened to plead guilty, and did not want to withdraw his guilty plea.[9]

### 3. Failure to Investigate

Defendant contends that his lawyer failed to investigate evidence related to his case and any exculpatory evidence. However, Defendant does not specify what evidence would have changed his decision to plead guilty.[10] Notably, an investigation would not have revealed anything exculpatory, since Defendant admitted that he owned and had the keys to the car that had a gun in it.

### 4. Promises and Misrepresentations

Defendant asserts that his lawyer "used various promises and misrepresentations to get him to plead guilty."[11] This claim is rejected for the same reasons set out in Section 1.

### B. Due Process Violation

Defendant alleges that the Government several violations of Federal Rule of Criminal Procedure Rule 6. First, Defendant provides only unsupported allegations. Second, even assuming this were true (and it is not), compliance with Rule 6 is procedural, not jurisdictional, and was waived by Defendant's guilty plea.[12]

---

[9]Doc. Nos. 35, 37.

[10]See *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985) (prejudice requirement unsatisfied when petitioner failed to demonstrate what evidence counsel could have uncovered that would have aided defense or changed advice).

[11]Doc. No. 46.

[12]*United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016) (valid guilty plea waives all non-jurisdictional defects).

## III.  CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 46) is DENIED IN PART and HELD IN ABEYANCE IN PART.

IT IS SO ORDERED this 26th day of April, 2023.

_____
UNITED STATES DISTRICT JUDGE